**ERIC M. SAFIRE, SB#98706**
LAW OFFICES OF ERIC M. SAFIRE
2431 Fillmore Street
San Francisco, CA 94115
Tel: (415) 292-1940
Fax: (415) 292-1946
Email: eric@safirelaw.com

Attorneys for PLAINTIFF,
JENNIFER ACUNA



ORIGINAL
FILED

FEB 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 08    1020

| | |
|---|---|
| JENNIFER ACUNA, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES (VIOLATION OF CIVIL RIGHTS)** |
| vs. | JURY TRIAL DEMANDED |
| CITY OF SAN LEANDRO; OFFICER GREGORY ALLEN CANNEDY; individually, and in his official capacity; CHIEF DALE ATTARIAN, in his official capacity; and, DOES 1 through 50, | |
| Defendants, | |

### JURISDICTION AND VENUE

1.      This complaint alleges violations of the constitutional rights of JENNIFER

ACUNA.  The complaint seeks remedies pursuant to Title 42, United States Code, Section 1983.

Jurisdiction is conferred upon the United States District Court by Title 28, United States Code,

sections 1331 and 1343.  The actions giving rise to defendants' liability, as alleged in this

complaint, occurred in San Leandro, State of California.

Complaint                                        1
Acuna v. City of San Leandro, et al.

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

2.    Plaintiff hereby demands a jury trial in this action.

### IDENTIFICATION OF PARTIES

3.    At all times material to this Complaint, Plaintiff JENNIFER ACUNA was a resident of the Northern District of California and of full age.

4.    Defendant CITY OF SAN LEANDRO is a public entity, duly organized and existing under the laws of the State of California.  Defendant CITY OF SAN LEANDRO includes the SAN LEANDRO Police Department.  At all times material to this Complaint, the SAN LEANDRO Police Department was supervised, controlled and staffed by defendant CITY OF SAN LEANDRO, its officers, agents and employees.

5.    For some period of time, including but not limited to May of 2006, DALE ATTARIAN was the Chief of Police.  CHIEF ATTARIAN was an official with final policy-making authority regarding the supervision, discipline, and training of police officers for the CITY OF SAN LEANDRO.  CHIEF ATTARIAN is being sued in his individual and official capacities.

6.    At all times relevant to this Complaint, Defendant OFFICER GREGORY A. CANNEDY was a police officer employed by the CITY OF SAN LEANDRO Police Department who was acting under the color of law.  OFFICER CANNEDY is being sued in his individual capacity and his official capacity.

7.    Plaintiff is ignorant of the true names and capacities of the defendants DOES 1 through 50, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each DOE defendant is responsible in some manner for the injuries and damages suffered by plaintiff as

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

Complaint                                                         2
Acuna v. City of San Leandro, et al.

described in this complaint. Plaintiff will amend the complaint to "defendant," "defendants," or to an individually named defendant also refers to defendants DOES 1 through 50.

8.   Each defendant sued in this complaint acted as the agent or employee of every other defendant.

### FACTS GIVING RISE TO THE COMPLAINT

9.   Plaintiff is 22 years old. Plaintiff was born, raised and has spent her entire life in San Leandro. After graduating High School and seeking some post high school education she began working at a local gym. This employment began during 2006.

10.  As a reception and hospitality clerk at the gym, Plaintiff came into contact with Defendant Cannedy. Defendant Cannedy was a San Leandro Police Office who responded to the gym when the police department was called for non-emergency attention.

11.  In May of 2006, or so, Plaintiff became responsible to open the gym at about 5:00 a.m. Immediately, Defendant Cannedy showed up while she was opening the facilities and attempted to befriend Plaintiff.

12.  In August of 2006, Plaintiff's boyfriend received a "fix-it" ticket, which required police inspection of his vehicle so that the ticket could be "signed-off."

13.  Plaintiff suggested that Defendant Cannedy help her boyfriend with his ticket and made arrangements for Cannedy to come to the gym and inspect the subject vehicle.

Complaint
Acuna v. City of San Leandro, et al.

3

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

14.   Cannedy failed to appear at the gym and instead went to Plaintiiff's home. Plaintiff was surprised, as she never invited the Officer to her home and she never even told him where she lived.

15.   They met outside the residence and Plaintiff excused herself to use the bathroom. Cannedy, uninvited, followed her into her home. While there he made physical advances, including kissing and groping Plaintiff against her will. In addition, Defendant grabbed Plaintiff's hand and placed it on his private parts, telling Plaintiff in a loud and aggressive manner to "feel it, see what you do to me?"

16.   Plaintiff became afraid and asked why Defendant was doing this to her. Defendant did not desist, refused to leave, and Plaintiff became more and more scared. He claimed that he loved her and that he was sexually attracted to her from the time they first met.

17.   Finally Defendant left, after telling Plaintiff that he knew where she lived and where she worked, indicating that he would continue to aggressively and without consent seek a physical and sexual relationship with her. Thereafter, Plaintiff saw Defendant driving by her work place in a marked police car while in uniform on several occasions. After several encounters with Defendant, Plaintiff broke down and told some of her friends what had happened. Her friends' advice and support gave Plaintiff the strength to file a complaint with the Alameda County District Attorney and law enforcement. Plaintiff was terrified of filing a complaint, as the Defendant was an active duty patrol law enforcement officer, and she feared him, and she feared that others in law enforcement might retaliate against her for such a complaint. However, the advice and support of her friends allowed her to

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

Complaint                                              4
Acuna v. City of San Leandro, et al.

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

overcome her terror and make the complaint. An investigation followed and Cannedy has been charged with crimes relating to his attack on Plaintiff and his attack on others.

18. Incredibly, when Plaintiff first was interviewed by law enforcement personnel regarding her complaint, Plaintiff was told that the Police Department knew about Defendant Cannedy as he was accused of similar conduct in the past. Plaintiff was shocked to hear that the Department knew about Cannedy yet would continue to allow him to be an active police officer knowing that he had sexually harassed others prior to Plaintiff's incident.

## DAMAGES

19. Plaintiff JENNIFER ACUNA was physically, mentally, emotionally, and financially injured and damaged as a proximate result of defendants' conduct. Plaintiff has also suffered the violation of her constitutional rights, and loss of the sense of security, dignity, and pride as a citizen and resident of the United States of America.

20. The conduct of defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against the individually named defendants.

21. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to recover all attorney's fees and costs incurred in relation to this action pursuant to Title 42 United States Code section 1988.

Complaint                                                    5
Acuna v. City of San Leandro, et al.

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

**FIRST CLAIM FOR RELIEF**

**42 U.S.C Section 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Depravation of Constitutional Rights)**

22.   Plaintiff JENNIFER ACUNA realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth in this cause of action.

23.   As a direct and proximate result of defendants' actions and omissions, Plaintiff was deprived of her rights and privileges under the Fourth Amendment to the United States Constitution.

24.   The actions taken by the Defendants CITY OF SAN LEANDRO and CHIEF DALE ATTARIAN in allowing it's employees to engage in the conduct complained of above demonstrates a lack of supervision and training by Defendants CITY and CHIEF, over its personnel, and a pattern and practice of encouraging and/or tolerating violations of constitutional rights against people such as Plaintiff by its personnel.

25.   Defendant CANNEDY and DOES 1 though 50 acted under color of law while sexually harassing Plaintiff, thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to, the right to be free from the use of excessive force and unreasonable bodily intrusion by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

26.   Defendant CANNEDY engaged in conduct so egregious as to shock the conscience of the community.

Complaint                                      6
Acuna v. City of San Leandro, et al.

27.     Defendants acted in reckless and callous disregard for the constitutional rights of

Plaintiff, and with willful oppression and malice.  Plaintiff therefore seeks an

award of punitive damages against defendants.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF

**42 U.S.C. Section 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Depravation of Constitutional Rights)**

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though

fully set forth in this cause of action.

29.     The policies, practices, acts and omissions of Defendants CITY OF SAN

LEANDRO, CHIEF ATTARIAN AND DOES 1 through 50, were moving forces

behind violations of Plaintiff's constitutional rights and the resulting damages

suffered by Plaintiff.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. Section 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Depravation of Constitutional Rights)**

30.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though

fully set fourth in this cause of action.

31.     Plaintiff is informed and believe and on that basis allege that Defendants CITY OF

SAN LEANDRO, CHIEF ATTARIAN and DOES 1 through 50 participated in the

violation of Plaintiff's right by failing to provide adequate training, supervision,

discipline, and control of SAN LEANDRO Police Officers with respect to

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

Complaint                                                    7
Acuna v. City of San Leandro, et al.

constitutionally appropriate use of force, arrest and detention, and in ratifying the

unlawful conduct of defendant OFFICER CANNEDY and DOES 1 through 50, as

described in this complaint, thereby acquiescing in the deprivation of Plaintiff's

rights.

WHEREFORE Plaintiff prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF

### 42 U.S.C. Section 1983
### (Plaintiff Against all Defendants and Does 1 through 50
### for Depravation of Constitutional Rights)

32.    Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as though

fully set fourth in this cause of action.

33.    Defend ant CANNEDY engaged in conduct that shocks the conscience of the

community by sexually harassing plaintiff in violation of her right to due process

of law and equal protection of the laws as guaranteed by the 14th Amendment to

the United States Constitution.

WHEREFORE Plaintiff prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF

### 42 U.S.C. section 1983
### (Plaintiff Against all Defendants and Does 1 through 50
### for Depravation of Constitutional Rights)

34.    Plaintiff realleges paragraphs 1 through 33 as though fully set fourth in this cause

of action.

35.    Plaintiff is a woman.  Had she been a man defendant CANNEDY would not have

acted towards Plaintiff in the manner in which he did.  The primary force driving

the sexual harassment is only the result of Plaintiff's gender.

Complaint                                              8
Acuna v. City of San Leandro, et al.

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

ERIC M. SAFIRE
Attorney at Law
2431 FILLMORE STREET
SAN FRANCISCO, CA 94115-1814
(415) 292-1940

36.     The alleged conduct shocks the conscience of the community and violates

Plaintiffs right to equal protection of the laws as protected by the 14th Amendment

to the United Stated Constitution.


WHEREFORE, Plaintiff prays for relief as follows:

1.  For general damages, according to proof;

2.  For special damages, according to proof;

3.  For pecuniary damages, according to proof;

4.  For punitive damages against the individually named defendants;

5.  For attorneys' fees pursuant to 42 United States Constitution section 1988;

6.  For costs of suit incurred herein; and

7.  For such other and further relief as the court may deem just and proper.


Dated: February 12, 2008                    LAW OFFICES OF ERIC M. SAFIRE

By: ERIC M. SAFIRE
Attorney for Plaintiff


Complaint                                        9
Acuna v. City of San Leandro, et al.