Kimberly E. Colwell (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF SAN LEANDRO and CHIEF DALE ATTARIAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ACUNA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO; OFFICER GREGORY ALLEN CANNEDY; individually, and in his official capacity; CHIEF DALE ATTARIAN, in his official capacity; and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No:  CV 08 1020 JL<br><br>**DEFENDANTS CHIEF ATTARIAN AND CITY OF SAN LEANDRO'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  February 19, 2008 |

COMES NOW DEFENDANTS CHIEF DALE ATTARIAN and CITY OF SAN LEANDRO (hereinafter "DEFENDANTS") who answer PLAINTIFF's Complaint as follows:

### JURISDICTION AND VENUE

1. In answer to paragraph 1, DEFENDANTS admit that this Court has jurisdiction over this action. DEFENDANTS deny the remaining allegations of this paragraph based on a lack of information and belief.

2. In answer to paragraph 2, DEFENDANTS admit that Plaintiff is demanding a jury.

### IDENTIFICATION OF PARTIES

3. In answer to paragraph 3, DEFENDANTS deny the allegations contained therein on a lack of information and belief.

4. In answer to paragraph 4, DEFENDANTS admit that the City is a public entity, duly organized and existing under the laws of the State of California, which includes the police department. Defendants are unable to admit or deny the remainder of this paragraph because it is vague and ambiguous.

5. In answer to paragraph 5, DEFENDANTS admit that Chief Dale Attarian is the current Chief and is the official with final policy-making authority regarding the supervision, discipline, and training of police officers for the City. DEFENDANTS deny the remaining allegations of this paragraph.

6. In answer to paragraph 6, DEFENDANTS admit that Defendant Officer Gregory A. Cannedy was a police officer employed by the City in its Police Department until late 2006. DEFENDANTS deny the remaining allegation of this paragraph.

7. In answer to paragraph 7, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

8. In answer to paragraph 8, DEFENDANTS deny the allegations contained therein.

### FACTS GIVING RISE TO THE COMPLAINT

9. In answer to paragraph 9, DEFENDANTS deny the allegations contained therein based upon a lack of information and belief.

///

10. In answer to paragraph 10, DEFENDANTS admit that Mr. Cannedy responded to a non-emergency call at 567 Floresta Boulevard on September 11, 2006. DEFENDANTS deny the allegations contained therein based upon a lack of information and belief.

11. In answer to paragraph 11, DEFENDANTS deny the allegations contained therein based upon information and belief.

12. In answering paragraph 12, DEFENDANTS deny the allegations contained therein based upon information and belief.

13. In answer to paragraph 13, DEFENDANTS deny the allegations contained therein based upon information and belief.

14. In answer to paragraph 14, DEFENDANTS deny the allegations contained therein based upon information and belief.

15. In answer to paragraph 15, DEFENDANTS deny the allegations contained therein based upon information and belief.

16. In answering paragraph 16, DEFENDANTS deny the allegations contained therein based upon information and belief.

17. In answer to paragraph 17, DEFENDANTS deny the allegations contained therein based upon information and belief.

18. In answer to paragraph 18, DEFENDANTS deny the allegations contained therein based upon information and belief.

## DAMAGES

19. In answer to paragraph 19, DEFENDANTS deny the allegations contained therein based upon information and belief.

20. In answer to paragraph 20, DEFENDANTS deny the allegations contained therein based upon information and belief.

21. In answering paragraph 21, DEFENDANTS deny the allegations contained therein based upon information and belief.

///

///

2
Defendants' Answer to Plaintiff's Complaint for Damages [CV 08 1020 JL]

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Deprivation of Constitutional Rights)**

22. In answer to paragraph 22, DEFENDANTS reallege their answers to paragraphs 1 through 21 with the same force and effect as if they were herein set out in full.

23. In answer to paragraph 23, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

24. In answer to paragraph 24, DEFENDANTS deny the allegations contained therein.

25. In answer to paragraph 25, DEFENDANTS deny the allegations contained therein.

26. In answering paragraph 26, DEFENDANTS deny the allegations contained therein.

27. In answer to paragraph 27, DEFENDANTS deny the allegations contained therein.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Deprivation of Constitutional Rights)**

28. In answer to paragraph 28, DEFENDANTS reallege their answers to paragraphs 1 through 27 with the same force and effect as if they were herein set out in full.

29. In answer to paragraph 29, DEFENDANTS deny the allegations contained therein.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Deprivation of Constitutional Rights)**

30. In answer to paragraph 30, DEFENDANTS reallege their answers to paragraphs 1 through 29 with the same force and effect as if they were herein set out in full

31. In answer to paragraph 31, DEFENDANTS deny the allegations contained therein

///

///

///

///

Defendants' Answer to Plaintiff's Complaint for Damages [CV 08 1020 JL]

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983**
**(Plaintiff Against all Defendants and Does 1 through 50**
**for Deprivation of Constitutional Rights**

32.     In answer to paragraph 32, DEFENDANTS reallege their answers to paragraphs 1 through 31 with the same force and effect as if they were herein set out in full

33.     In answer to paragraph 33, DEFENDANTS deny the allegations contained therein.

**FIFTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983**
**(By Plaintiff STARLAH BURKE Against Defendants**
**Chief Attarian, Officer Cannedy**
**and Does 1 through 50)**

34.     In answer to paragraph 34, DEFENDANTS reallege their answers to paragraphs 1 through 33 with the same force and effect as if they were herein set out in full

35.     In answer to paragraph 35, DEFENDANTS deny the allegations contained therein

36.     In answer to paragraph 36, DEFENDANTS deny the allegations contained therein

**PRAYER FOR DAMAGES**

1.     In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

2.     In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

3.     In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

4.     In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

5.     In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

6.     In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

Defendants' Answer to Plaintiff's Complaint for Damages [CV 08 1020 JL]

7. In answering the damages allegations of the Complaint, DEFENDANTS deny PLAINTIFF was damaged at all or is entitled to an award of damages.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

DEFENDANTS, and each of them, at all times, acted in good faith, without malice and within the scope and course of their employment, and under the reasonable belief that their actions were lawful. Accordingly, DEFENDANTS and each of them are entitled to state and federal qualified immunity herein.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that the PLAINTIFF'S claims are founded upon principals of negligence, PLAINTIFF was negligent in and about the matters referred to in her Complaint. Such negligence bars or diminishes PLAINTIFF'S recovery against DEFENDANTS.

**FOURTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2.

**FIFTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to the provisions of California Government Code Sections 820.4 and 815.2.

**SIXTH AFFIRMATIVE DEFENSE**

PLAINTIFF'S prayer for exemplary damages is precluded under California Government Code Sections 818.

**SEVENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to California Government Code Sections 818.8 and 815.2.

**EIGHTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to California Government Code Sections 820.8 and 815.2.

### NINTH AFFIRMATIVE DEFENSE

DEFENDANTS are immune from liability pursuant to California Government Code Section 821.6 and 815.2.

### TENTH AFFIRMATIVE DEFENSE

DEFENDANTS are immune from liability pursuant to California Government Code Sections 822.2 and 815.2.

### ELEVENTH AFFIRMATIVE DEFENSE

PLAINTIFF'S action is barred to the extent she failed to comply with California Government Code Section 900 et seq.

### TWELFTH AFFIRMATIVE DEFENSE

DEFENDANTS allege that the officers had probable cause to believe that their actions toward the PLAINTIFF were lawful.

### THIRTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS are immune from the claims contained in PLAINTIFF'S Complaint pursuant to the provisions of California Penal Code Section 835.

### FOURTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS are immune from the claims contained in PLAINTIFF'S Complaint pursuant to the provisions of California Penal Code Section 835(a).

### FIFTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS are immune from the claims contained in PLAINTIFF'S Complaint pursuant to the provisions of California Penal Code Section 836.

### SIXTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS are immune from the claims contained in PLAINTIFF'S Complaint pursuant to the provisions of California Penal Code Section 836.5.

### SEVENTEENTH AFFIRMATIVE DEFENSE

PLAINTIFF'S claims against DEFENDANTS under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers,

supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. (*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).)

### EIGHTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS are informed and believe and thereby allege that PLAINTIFF'S alleged damages or injuries, if any, were aggravated by the failure of PLAINTIFF and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

### NINETEENTH AFFIRMATIVE DEFENSE

DEFENDANTS allege that defendant Officers took reasonable precautions with regard to protecting against any risk of injury complained of by PLAINTIFF.

### TWENTIETH AFFIRMATIVE DEFENSE

DEFENDANTS allege that the PLAINTIFF had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANTS allege that PLAINTIFF has waived her right to maintain the action filed in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

DEFENDANTS allege that PLAINTIFF is barred by the principal of estoppel from maintaining the action filed in this case.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

DEFENDANTS allege that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorney's fees or punitive damages against DEFENDANTS.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

DEFENDANTS allege that PLAINTIFF was comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company* (1975) 13 Cal.3d 804, and these DEFENDANTS pray that any and all damages sustained by said PLAINTIFF be reduced by the percentage of her negligence.

///

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

DEFENDANTS allege that PLAINTIFF'S claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

PLAINTIFF's cause of action is barred by the privileges and immunities applicable to public employees and agencies, including California Government Code §§ 815.2(b), 815.6, 818.2, 820.8, 821, and 822.2.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, DEFENDANTS acted in conformity with applicable law, regulation, and policy.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

PLAINTIFF's alleged injuries, losses, or damages, if any, were proximately caused by a superseding and intervening cause.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

If DEFENDANTS or their current or former employees did subject PLAINTIFF to any wrongful or unlawful conduct resulting in mental, physical or emotional harm, although such is not admitted hereby or herein, PLAINTIFF had a duty to mitigate any damages she may have suffered by seeking medical and psychological treatment and PLAINTIFF has failed to do so.

### THIRTIETH AFFIRMATIVE DEFENSE

If DEFENDANTS' current or former employees committed any of the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and/or not by agents of the DEFENDANTS, and, thus, DEFENDANTS are not liable for such acts.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANTS allege, without admitting any of the alleged actions in the Complaint, that if PLAINTIFF did suffer or sustain any loss, damage or injury as a result of the alleged actions in the Complaint, that DEFENDANTS were not the actual and proximate cause.

///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

DEFENDANTS are entitled to qualified immunity based, in part, on their reasonable belief in the propriety of their conduct.

## JURY DEMAND

DEFENDANTS hereby demand trial by jury.

## PRAYER

WHEREFORE, DEFENDANTS pray as follows:

1. That PLAINTIFF takes nothing by reason of her Complaint and judgment be rendered in favor of DEFENDANTS;

2. That DEFENDANTS be awarded their costs incurred in the defense of this action; and

3. For such other relief as the Court deems proper.

Dated: March 17, 2008            Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON


By: _____/s/_____
Tricia L. Hynes
Attorneys for Defendants
CHIEF DALE ATTARIAN
and CITY OF SAN LEANDRO

1072194_1.DOC